UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA P. DELGADO | : | |
| | : | NO. 3:03CV1652 (MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF PUBLIC HEALTH, | : | |
| ET AL. | : | |
| | : | |
| Defendants. | : | |

**RULING AND ORDER**

Plaintiff Brenda Delgado brings this suit against the State of Connecticut Department of Public Health and against the following employees of the Department of Public Health in their official and individual capacities: Joxel Garcia; Warren Wollschlager; Eleanor Kramer; Ardell Wilson; Dennis Williams; Gary DeWitt; Joan Leavitt; Mary Lou Fleissner; Joseph Forgione; Beth Weinstein; Richard Melchreit; and Tom Carson.

Currently pending before the Court is a Motion to Dismiss [doc. #62] the Complaint and Amended Complaint [docs. ##1, 23] as to Defendants Warren Wollschlager, Eleanor Kremer, Ardell Wilson, Dennis Williams, Joan Leavitt, Mary Lou Fleissner, Richard Melchreit, and Tom Carson (the "Moving Defendants") in their individual capacities. Moving Defendants allege that Plaintiff failed personally to serve them the Complaint within the 120 days provided by *Federal Rule of Civil Procedure* 4(m). For the reasons explained below, the Court agrees with the Moving Defendants that Ms. Delgado has failed properly to effect service and therefore GRANTS the Motion to Dismiss [doc. #62].

In January 2004, Plaintiff, acting *pro se*, successfully served the Defendants in their official capacities through service on the State Attorney General. She also made a good faith effort to serve them

in their individual capacities, but this effort failed when the marshal entrusted with effecting service left the summonses with the Commissioner of the Connecticut Department of Public Health, who did not have authority to accept service on behalf of Moving Defendants in their individual capacities. The record contains conflicting affidavits from the marshal and the Commissioner as to whose mistake this was.

In February 2004, Ms. Delgado retained counsel. In September 2004, after obtaining a more definite statement of Ms. Delgado's claims, Moving Defendants raised the issue of insufficient process in the seventh and thirteenth affirmative defenses of their Amended Answer [doc. #25].[1] In November 2004, Ms. Delgado served Moving Defendants with interrogatories and requests for information, including a request for their home addresses. Moving Defendants requested additional time to respond to Ms. Delgado's discovery requests, and were granted an extension, which Ms. Delgado did not oppose, until February 2005. Apparently Moving Defendants failed to provided the requested home address information by February, but for unexplained reasons, Ms. Delgado waited until May 2005 to ask permission to file additional interrogatories designed to elicit this information [doc. #45], and until June 2005 to file a Motion to Compel [doc. #47]. Ms. Delgado finally effected service in July 2005, 635 days after filing the Complaint, nine months after being put on notice of a defect in service, and five months after receiving Moving Defendants' allegedly inadequate discovery responses.

The Court understands the challenges facing *pro se* plaintiffs and would certainly have been willing to find that the failure of the marshal to effect service constituted good cause for an extension of time to effectuate service of process. *See Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986). However, quite apart from the fact that Ms. Delgado never requested such an extension, the marshal's error in January 2004 cannot excuse Ms. Delgado's failure to amend the defect for a year and

---

[1] Having raised the issue of defective process in their answer, Moving Defendants are permitted to file a motion to dismiss for insufficiency of process. *See* Rule 12(b), (h)(1); *Santos v. State Farm Fire and Casualty Co.*, 902 F.2d 1092, 1095-96 (2d Cir.1990).

a half after retaining counsel. Even the most generous construction of events in Ms. Delgado's favor cannot excuse the five months of delay in effecting service after receiving Moving Defendants' allegedly inadequate responses to Ms. Delgado's supplemental interrogatories. Although dismissal for failure to effectuate service is "without prejudice" to the Plaintiff, the unfortunate fact that the statute of limitations has now run on Ms. Delgado's claims against Moving Defendants does not require the Court to extend the time for service, especially when Ms. Delgado has already had almost two years to achieve that end, and when her suit against Moving Defendants in their official capacities survives. *See Frasca v. U.S.*, 921 F.2d 450, 453 (2d Cir. 1990) ("[D]ismissal for failure properly to serve the defendant within 120 days of the filing of the complaint is without prejudice. Nevertheless, dismissal is proper even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claim.").

For the foregoing reasons, the Court GRANTS Moving Defendants' Motion to Dismiss [doc. #62]. The Clerk is directed to enter judgment on all counts of the Amended Complaint [doc. #23] for Defendants Warren Wollschlager, Eleanor Kremer, Ardell Wilson, Dennis Williams, Joan Leavitt, Mary Lou Fleissner, Richard Melchreit, and Tom Carson.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: <u>November 1, 2005</u>**.